**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**SERGIO ALEXANDAR ANGULO-RAMIREZ,**<br><br>***Defendant*.** | **CRIMINAL ACTION NOS.**<br>**3:26-cr-00010-TES-CHW-1** |

**ORDER GRANTING UNOPPOSED MOTION TO CONTINUE**

Before the Court is Defendant Sergio Alexandar Angulo-Ramirez's Unopposed Motion to Continue. [Doc. 26]. On May 13, 2026, the Grand Jury returned a four-count indictment [Doc. 1] charging Defendant Angulo-Ramirez with firearm and immigration offenses. *See* [Doc. 1, p. 1 (listing the statutes violated as 8 U.S.C. § 1326(a) and 18 U.S.C. §§ 2; 922(a)(6), (g)(1), (g)(5)(A); 924(a)(2), (a)(8))].

On August 20, 2026, the United States filed a motion for detention. [Doc. 8]. That same day, Mr. Angulo-Ramirez pled not guilty at an arraignment hearing before Magistrate Judge Weigle. [Doc. 11]. A detention hearing was continued and scheduled for August 24, 2026; following the hearing, the Court ordered Mr. Angulo-Ramirez released on a $10,000 unsecured bond [Doc. 16] and entered an order setting conditions of release. [Doc. 17]. On September 23, 2026, counsel for Defendant Angulo-Ramirez filed a discovery request. [Doc. 25]. The government provided discovery on September

1, 2026. [Doc. 23].

Now, Defendant Angulo-Ramirez requests a continuance so that he and his counsel have time to review discovery together, so that he can make an informed decision regarding his case. [Doc. 26, p. 2]. The United States does not oppose this motion. [*Id.* at p. 3].

Defendant Angulo-Ramirez claims that, without a continuance, several factors hinder his ability to review discovery. When he was released on bond [Doc. 16, 17], he was released to the custody of United States Immigration and Customs Enforcement. [*Id.* at p. 2]. As a result, he is currently housed at the Stewart Detention Center in Lumpkin, Georgia. [*Id.*]. Further complicating matters, Defendant Angulo-Ramirez does not speak English; therefore, discovery review between him and his counsel would require the use of a licensed interpreter. [*Id.*]. His counsel has so far been unable to schedule a date and time to meet with the Defendant and an interpreter to review discovery, either in person or by video. [*Id.*].

The Court finds that granting Defendant's request serves the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). The Court further finds that the ends of justice served by granting the requested continuance outweigh the interests of Defendant and the public in a speedy trial. *See id.* Failure to grant this continuance would deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).

Accordingly, the Court **GRANTS** the Defendant's Unopposed Motion to Continue. [Doc. 26]. The Court **CONTINUES** the Pretrial Conference until **November 5, 2026**, and the trial of this matter until **December 14, 2026**. The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

**SO ORDERED**, this 24th day of September, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**